IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN MCCOMB, :
    Plaintiff,
                                          Case No. 3:25-cv-53
v.                                 :
                                          JUDGE WALTER H. RICE
JOEL BRAY LACKEY, et al.,
    Defendants. :

DECISION AND ENTRY SUSTAINING THE MOTION TO DISMISS FILED BY DEFENDANTS RANDY T. SLOVIN AND SLOVIN & ASSOCIATES CO, LPA (DOC. #15)

This case is before the Court on a Motion to Dismiss filed by Defendants Randy T. Slovin, and Slovin & Associates Co, LPA (Collectively "Slovin"), pursuant to Fed. R. Civ. P. 12(b)(1) & (6). Doc. #15. Brian McComb ("Plaintiff") filed a response in opposition to the motion, Doc. #23, and Slovin filed a reply in support. Doc. #25. For the reasons set forth below, the motion is SUSTAINED.

I. **Procedural and Factual Background**

On December 17, 2021, Plaintiff entered into a lease for an apartment at an apartment complex named Miamisburg by the Mall. When Plaintiff moved out of the apartment on March 18, 2022, he received a statement showing that he owed

$1,949.59. Doc. #5, PageID #435. The apartment complex retained Slovin, as well as others, in order to collect the debt owed to them.

On August 20, 2024, Slovin sent a letter to Plaintiff, stating that they were a debt collector retained on behalf of the apartment complex and were attempting to collect the debt owed. Doc. #5, PageID #357. In response, Plaintiff sent a cease-and-desist letter and an invoice for $5,000 to Slovin on September 25, 2024. Doc. #5, PageID #360–68. Slovin did not respond to the letter and did not take any actions further pursuing the debt collection. Plaintiff sent a second letter to Slovin on October 15, 2024, stating that the invoice was in default. Doc. #5, PageID #393–411. Once again, Slovin did not reply.

Plaintiff filed this case on February 21, 2025, against Slovin, National Credit Systems, Inc. ("NCSI"), the CEO of NCSI, the Law Office of Brett M. Borland, P.C., and Brett M Borland[1] in his individual capacity. Doc. #5. In the Complaint, Plaintiff alleges fifteen causes of action: five violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* ("Claims One though Five"); four violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* ("Claims Six through Eight and Claim Fourteen"); violation of Internal Revenue Service IRC § 6050P ("Claim Nine"); violation of the Telephone Consumer Protection Act

---

[1] The Court will refer to Brett M. Borland and the Law Office of Brett M. Borland, P.C. cumulatively as ("Borland").

("TCPA"), 47 U.S.C. § 227 ("Claim Ten"); common-law fraud ("Claim Eleven"); civil conspiracy ("Claim Twelve"); commission of mail fraud, 18 U.S.C. § 1341 ("Claim Thirteen"); and common-law invasion of privacy ("Claim Fifteen").

Slovin filed this pre-answer Motion to Dismiss on July 8, 2025. Doc. #15. The motion claims that Plaintiff lacks Article III standing and seeks dismissal under Fed. R. Civ. P. 12(b)(1). Doc. #15, PageID #579. Alternatively, Slovin argues that if Plaintiff has standing, his claims fail to properly state a claim to relief and must be dismissed under Fed. R. Civ. P. 12(b)(6). *Id.* at PageID #580.

## II.   Fed R. Civ. P. 12(b)(1)

A challenge to the subject matter jurisdiction of the United States District Court under Rule 12(b)(1) of the Federal Rules of Civil Procedure may either be facial or factual. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). A facial challenge requires all the plaintiff's allegation to be accepted as true, "much as with a Rule 12(b)(6) motion." *Id.* In contrast, a factual challenge to the court's subject matter jurisdiction allows the court to "weigh evidence to confirm the existence of the factual predicates for subject matter jurisdiction," without presuming the truth of the allegations. *Id.* (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996)). "Making this 'crucial distinction, often overlooked,' is essential to determining the proper standard of review to apply." *Lockhart v.*

*Garzella*, No. 3:19-cv-405, 2022 WL 1046766, at *5 (S.D. Ohio Apr. 7, 2022) (Rice, J.) (quoting RMI Titanium, 78 F.3d at 1134).

Slovin's argument under Rule 12(b)(1) boils down to an assertion that the single notice is insufficient to create an injury, a necessary requirement of standing under Article III. Therefore, Slovin's challenge to this Court's subject matter jurisdiction is purely legal. As such, the Court will assume all of Plaintiff's factual allegations to be true, as with the standard of review for a motion made under Rule 12(b)(6).

## III. Analysis

"[S]tanding in no way depends on the merits of the plaintiff's contention[s]." *Warth v. Seldin*, 422 U.S. 490, 500 (1975). In order to pursue a case in federal court, a plaintiff must have standing under Article III of the Constitution, which "limits the judicial power to resolving actual 'Cases' and 'Controversies.'" *Buchholz v. Meyer Njus Tanick, Pa*, 946 F.3d 855, 860 (6th Cir. 2021). This requires that a plaintiff allege that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Injury is considered the "first and foremost of standing's three elements" and requires that a plaintiff show that they "suffered an invasion of a legally protected interest that is concrete and particularized." *Id.* at 338–39 (quotations omitted).

4

A qualifying injury is still required, even when a federal statute purports to create a cause of action. *Garland v. Orlans, PC*, 999 F.3d 432 (6th Cir. 2021). A bare procedural violation, like the FDCPA or FCRA, does not satisfy the injury requirement of Article III. *Spokeo*, 578 U.S. at 341. Instead, plaintiff must show that the violations caused him concrete harm. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435–36 (2021).

Plaintiff's Complaint describes the harm he alleges in several places. For example, in relation to Claim One, Plaintiff alleges that he suffered harm in the form of "harm to Plaintiff's creditworthiness and ability to achieve financial goals, including unfavorable credit and loan opportunities." Doc. #5, PageID #269. In other places, he described the harm as "anxiety, emotional distress, and harm to [his] creditworthiness." *Id.* at PageID #283. Sixth Circuit caselaw is clear that "a general allegation of emotional harm like anxiety or distress falls short of cognizable injury," and therefore cannot confer standing. *Garland*, 999 F.3d at 440 (quotation omitted).

Harm to Plaintiff's credit or loan opportunities, through dissemination of incorrect credit information, on the other hand, may result in a cognizable injury. The proper inquiry in such a case is whether the inaccurate information was disclosed to any third parties. If not, there is no concrete injury and, thus, no standing. *TransUnion*, 594 U.S. at 434. But, if the information was disseminated to

5

others, including creditors, that action is sufficient to create an injury. *Id.* at 432–33. Here, Plaintiff's allegations of harm to his creditworthiness are likely sufficient to constitute injury and Article III standing, at least as to some claims and against some Defendants. However, "standing is not dispensed in gross," and must be demonstrated for each claim Plaintiff presses upon each Defendant. *Murthy v. Missouri*, 603 U.S. 43, 61 (2024); *TransUnion*, 594 U.S. at 431.

At the motion to dismiss stage, Plaintiff's well-pled allegations are taken as true. Plaintiff alleges that the debt was added to his credit profile and that when he attempted to apply for a loan at Wright-Patt Credit Union, the presence of the debt affected his eligibility for the loan. Doc. #5, PageID #265–66. According to the Complaint, the debt was added to his credit report by NCSI, not by Slovin. *Id.* Plaintiff's allegations concerning Slovin are limited to the notice that Slovin sent on August 20, 2024, as well as Plaintiff's invoice sent in response and Slovin's failure to pay the invoice. *Id.* at PageID #263–64.

Notably, Plaintiff does not allege that Slovin played any part in causing the debt to appear on his credit report or affect his ability to procure loans. This proves fatal to his case, at least as it relates to Slovin. The only injuries that Plaintiff can attribute to Slovin are the emotional and anxiety injuries, categories of harm that the Sixth Circuit has conclusively determined do not grant standing. *See Garland*,

6

999 F.3d at 440. Therefore, the Court finds that Plaintiff has not adequately pled injury traceable to Slovin and all claims against Slovin must be DISMISSED.

To be clear, this finding is premised on the rationale that Plaintiff has not shown a qualifying injury. Without the injury, the Court does not have the required subject matter jurisdiction to consider the dispute between Plaintiff and Slovin. In a situation like this, the Court is powerless under the Constitution to look at the merits of Plaintiff's claims.

As stated earlier, Slovin moved for dismissal pursuant to both Rule 12(b)(1) and Rule 12(b)(6). Doc. #15. Given that this Court finds in Slovin's favor on the Rule 12(b)(1) argument, and finds that the Court lacks jurisdiction over the case as to Slovin, the Rule 12(b)(6) contention is superfluous and is not addressed in this decision.

## IV. Conclusion

For the reason stated herein, the Court does not have subject matter jurisdiction to consider the claims brought against Defendant Randy T. Slovin and Defendant Slovin & Associates Co., LPA. Therefore, the Motion to Dismiss Randy T. Slovin and Slovin & Associates Co., LPA, Doc. #15, is SUSTAINED.

Plaintiff has 30 days from the issuance of this decision to file any motion seeking leave to amend their Complaint should they deem such an amendment necessary and consistent with Fed. R. Civ. P. Rule 11.

Date: September 22, 2025

WALTER H. RICE
UNITED STATES DISTRICT JUDGE