IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN MCCOMB,              :

    Plaintiff,

  v.                                      :    Case No. 3:25-cv-53

JOEL BRAY LACKEY, et al.,         JUDGE WALTER H. RICE

    Defendants.             :

---

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. #26); OVERRULING PLAINTIFF'S MOTION TO COMPEL INITIAL DISCLOSURES (DOC. #27); OVERRULING PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL INITIAL DISCLOSURES (DOC. #34); SUSTAINING PLAINTIFF'S MOTION TO AMEND COMPLAINT TO MODIFY DAMAGES ONLY (DOC. #35); OVERRULING PLAINTIFF'S MOTION FOR LEAVE TO AMEND PURSUANT TO RULE 15 (DOC. #36); OVERRULING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AS TO SLOVIN DEFENDANTS (DOC. #39); OVERRULING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' UNTIMELY OPPOSITION (DOC. #42)

---

This case is before the Court on several motions filed by Plaintiff Brian McComb ("Plaintiff"). The first is a Motion for Reconsideration of Order Overruling Plaintiff's Motion for Summary Judgment. Doc. #26. Defendants Randy T. Slovin and Slovin and Associates Co, LPA (collectively "Slovin") filed a response in opposition, Doc. #30, and Plaintiff filed a reply in support of his motion. Doc. #33.

The second and third motions are both motions to compel disclosures. The first of these is Plaintiff's Motion to Compel Initial Disclosures Pursuant to Federal Rules of Civil Procedure 26(A)(1), 26(F), and 37(A)(3)(A). Doc. #27. Slovin filed a response in opposition. Doc. #29. Plaintiff also filed a separate Motion to Compel Supplemental Initial Disclosures under Rule 26 for Defendants' Failure to Produce. Doc. #34. No response was filed.

Plaintiff's fourth and fifth motions are both Motions for Leave to Amend his Complaint. One seeks leave to modify damages only, Doc. #35, while the other seeks leave to amend pursuant to Rule 15. Doc. #36. No Defendant responded to either of these motions.

The Sixth and Seventh motions relate to Plaintiff's potential amendment of his Complaint as a result of this Court's dismissal of Slovin. Doc. #37. Plaintiff filed a Motion for Leave to Amend Complaint as to Slovin Defendants, Doc. #39, and Slovin filed a response in opposition to the motion. Doc. #40. Plaintiff filed a reply in support of his motion, Doc. #41, and a separate Motion to Strike Defendants' Untimely Opposition. Doc. #42. Slovin filed a response to the Motion to Strike. Doc. #43.

For the reasons set forth below, Plaintiff's Motion for Reconsideration, Doc. #26, is OVERRULED; Plaintiff's Motion to Compel Initial Disclosures, Doc. #27, is OVERRULED; Plaintiff's Motion to Compel Supplemental Initial Disclosures, Doc.

#34, is OVERRULED; Plaintiff's Motion for Leave to Amend Complaint to Modify Damages Only, Doc. #35, is SUSTAINED; Plaintiff's Motion for Leave to Amend Pursuant to Rule 15, Doc. #36, is OVERRULED; Plaintiff's Motion for Leave to Amend Complaint as to Slovin Defendants, Doc. #39, is OVERRULED; and Plaintiff's Motion to Strike Defendants' Untimely Opposition, Doc. #42, is OVERRULED.

## I.  Procedural and Factual Background

On December 17, 2021, Plaintiff entered into a lease for an apartment at a complex named Miamisburg by the Mall. When Plaintiff moved out of the apartment on March 18, 2022, he received a statement showing that he owed $1,949.59. Doc. #5, PageID #435. The apartment complex retained Slovin, as well as others, in order to collect the debt owed to them.

On August 20, 2024, Slovin sent a letter to Plaintiff, stating that they were a debt collector retained on behalf of the apartment complex and were attempting to collect the debt owed. Doc. #5, PageID #357. In response, Plaintiff sent a cease-and-desist letter and an invoice for $5,000 to Slovin on September 25, 2024. Doc. #5, PageID #360–68. Slovin did not respond to the letter and did not take any actions further pursuing the debt collection. Plaintiff sent a second letter to Slovin on October 15, 2024, stating that the invoice was in default. Doc. #5, PageID #393–411. Once again, Slovin did not reply.

Plaintiff filed this case on February 21, 2025, against Slovin, National Credit Systems, Inc. ("NCSI"), the CEO of NCSI, the Law Office of Brett M. Borland, P.C., and Brett M Borland in his individual capacity. Doc. #5. In the Complaint, Plaintiff alleges fifteen causes of action: five violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* ("Claims One though Five"); four violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* ("Claims Six through Eight and Claim Fourteen"); violation of Internal Revenue Service IRC § 6050P ("Claim Nine"); violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 ("Claim Ten"); common-law fraud ("Claim Eleven"); civil conspiracy ("Claim Twelve"); commission of mail fraud, 18 U.S.C. § 1341 ("Claim Thirteen"); and common-law invasion of privacy ("Claim Fifteen").

Slovin filed a pre-answer Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on July 8, 2025. Doc. #15. The Court granted the Motion to Dismiss, finding that Plaintiff had failed to establish sufficient injury and, resultingly, the Court lacked subject matter jurisdiction to consider the claims against Slovin.[1] Doc. #37. As part of that Decision, Plaintiff was permitted 30 days to file a motion for leave to amend the Complaint, should such an amendment be deemed proper. *Id.* at PageID #792.

---

[1] The Court's Decision was predicated on a determination under Fed. R. Civ. P. 12(b)(1) and did not reach a decision as to Slovin's Rule 12(b)(6) arguments. Doc. #37, PageID #792.

Plaintiff filed his Motion for Leave to Amend Complaint as to Slovin Defendants within the 30-day timeframe. Doc. #39.

## II. Analysis

### A. Plaintiff's Motion for Reconsideration of Order Overruling Plaintiff's Motion for Summary Judgment (Doc. #26)

On August 1, 2025, Plaintiff filed an initial motion for summary judgment, even though discovery had not yet occurred. Doc. #23. The Court dismissed this motion on August 11, 2025, reasoning that such a motion was premature. Doc. #24. In this Decision, the Court reiterated that summary judgment is only permitted if the "movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court also recognized that, at the time of the Decision, "it is impossible to tell what facts may be relevant or whether the evidence shows that they are in dispute." Doc. #24, PageID #677.

Plaintiff's motion for reconsideration hinges on many of the same arguments that the Court rejected initially. The discovery period exists for the purpose of determining what facts are in dispute and what evidence will be available to resolve those disputes. At the outset of case, a plaintiff cannot bring a summary judgment motion based on another party's inability to forecast exactly what items may come to light in discovery. To more fully demonstrate why, Plaintiff need look no further than his own filings. After filing this motion for reconsideration, reasoning that all

5

facts are known, he filed a separate motion seeking leave to amend his Complaint due to "newly discovered evidence." Doc. #36. In fact, this stage of the case exists to determine what other "newly discovered evidence" exists prior to any motion of summary judgment that may be justified.

Because the reasons underlying this Court's previous denial of summary judgment have not changed, Plaintiffs' Motion for Reconsideration is OVERRULED.

### B. Plaintiff's Motions to Compel (Docs. #27, 34)

Plaintiff has filed two motions to compel initial disclosures. The first of these two motions was filed on September 4, 2025, seeking an order requiring Defendants to produce Rule 26(a)(1) disclosures within three days. Doc. #27, PageID #705; Fed. R. Civ. P. 26(a)(1), 37(a). The second motion was filed on September 22, 2025, while the first motion was still pending, and again sought an order requiring Defendants to comply with Rule 26.

Under Fed. R. Civ. P. 37(a)(1), "a party may move for an order compelling disclosure or discovery" in a motion that "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an attempt to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules reinforce the idea that the parties must first meet-and-confer to attempt to work through discovery issues before approaching the Court: "Objections, motions, application, and requests relating to

discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences." S.D. Ohio Civ. R. 37.1.

Here, as Slovin points out in their response, Plaintiff has not provided any sort of certification that he has attempted to confer with Defendants about the discovery issues. Indeed, Slovin states that Plaintiff failed to confer before filing the motions. Under Rule 37 and Local Rule 37.1, that alone is sufficient to defeat his motions. *Lott v. Coyle*, 261 F.3d 594, 604 (6th Cir. 2001). Therefore, Plaintiff's Motion to Compel Initial Disclosures Pursuant to Federal Rules of Civil Procedure 26(A)(1), 26(F), and 37(A)(3)(A), Doc. #27, is OVERRULED and Plaintiff's Motion to Compel Supplemental Initial Disclosures Under Rule 26, Doc. #34, is OVERRULED.

### C. Plaintiff's Motions for Leave to Amend Complaint (Docs. #35, 36)

Plaintiff has filed two motions seeking leave to amend his Complaint. The first seeks to amend the claim for damages, raising the amount from $75,000 to $50,000,000. Doc. #35. The second motion seeks to amend pursuant to newly discovered evidence. Doc. #36. Neither of these motions received a response from any Defendant.

Federal Rule of Civil Procedure 15 determines how and when a pleading may be amended. In certain situations, a party may be entitled to an amendment as a matter of course, however, Plaintiff recognizes that those scenarios are not at play

7

here and amendment may only be obtained by either the opposing parties' written consent or by leave of Court. Fed. R. Civ. P. 15(a)(2). The Rule advises courts that leave should be freely given when justice so requires. *Id.* With this in mind, the Court finds that amending the claim for damages is a proper reason to amend the Complaint, and is not being done for any improper reason, such as causing undue delay, bad faith, or dilatory motive. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Therefore, the Court SUSTAINS Plaintiff's Motion to Amend Complaint to Modify Damages. Doc. #35.

Despite the freedom with which courts grant a motion to amend, there are scenarios in which courts should not permit a party leave to amend. For example, amendment should not be allowed if the reason for the amendment is improper "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182. The Sixth Circuit has recognized that "implicit in this statement is that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment." *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002).

In his second motion to amend, Plaintiff seeks to amend his Complaint with "newly discovered evidence" stemming from a prior case in the Miamisburg Municipal Court that was dismissed without prejudice in 2022. Doc. #36. Plaintiff evidently desires to use this new information as evidence that Defendants "never had legal standing to contact or attempt to collect from Plaintiff regarding the alleged debt." *Id.* at PageID #748. Plaintiff also attaches to his motion a document containing 26(a) disclosures intended for Defendants.

From this filing, the Court understands that Plaintiff will use this evidence to support their claims, but it is not clear how this information affects his *Complaint.* Plaintiff does not seek to add a new cause of action, nor does he seek to add new parties. Not every fact that emerges during discovery necessitates an amendment to the pleadings. As the Court is unable to discern how this information would affect the Complaint, Plaintiff's Motion for Leave to Amend Pursuant to Rule 15, Doc. #36, is OVERRULED. *See Roskam Baking*, 288 F.3d at 906 (citing *Kostyu v. Ford Motor Co.*, 798 F.2d 1414 (Table) (6th Cir. 1986) (concluding that the district court did not abuse its discretion in not permitting the plaintiff to amend their complaint, because "[t]he plaintiff did not submit a proposed amended complaint and failed to disclose what amendments he intended to make.")).

9

### D. Plaintiff's Motion for Leave to Amend Complaint as to Slovin Defendants (Doc. #39)

This Court previously sustained a motion to dismiss filed by Slovin on September 22, 2025. Doc. #37. In that Decision, the Court permitted Plaintiff 30 days to file for leave to amend if such circumstances were warranted. *Id.* at PageID #792. Plaintiff filed a timely motion for leave to amend, Doc. #39, and Slovin filed a response in opposition to the motion. Doc. #40. After Plaintiff filed a reply in support, Doc. #41, he also filed a motion to strike Slovin's response, arguing that it was not timely. Doc. #42. Because the motion to strike will determine what arguments the Court considers in deciding the underlying motion, this issue will be determined first.

#### 1. *Plaintiff's Motion to Strike Defendants' Untimely Opposition (Doc. #42)*

Plaintiff seeks to strike Slovin's response to his Motion for Leave to Amend as untimely. He argues that the 30-day amendment window created by the Court's Decision sustaining Slovin's motion to dismiss ended on October 22, 2025, five days before Slovin filed their response to his motion. This argument fundamentally misstates the Local Rules and this Court's prior Decision.

The prior Decision, which dismissed Plaintiff's claims against Slovin, created a 30-day window within which *he* (Plaintiff) was required to act. Doc. #37, PageID #792 ("Plaintiff has 30 days from the issuance of this decision to file any motion

10

seeking leave to amend their Complaint should they deem such an amendment necessary and consistent with Fed. R. Civ. P. Rule 11."). Once he chose to file his motion seeking leave, Slovin was permitted the standard briefing windows as specified in the Local Rules. *See* S.D. Ohio Civ. R. 7.2(a)(2) ("Any memorandum in opposition shall be filed within twenty-one days after the date of service of the motion.").

Plaintiff's motion seeking leave was filed on October 6, 2025, and Slovin's response was filed on October 27, 2025, within the required deadline. Therefore, Plaintiff's Motion to Strike Defendants' Untimely Opposition, Doc. #42, is OVERRULED.

### 2.   *Merits of Plaintiff's Motion*

Under Federal Rule of Civil Procedure 15(a), Plaintiffs are permitted a short window in which to amend their pleading as a matter of course. Beyond this window, amendment may only be made with leave of court. Motions made for the purpose of amending a complaint are commonly granted, but such motions should be denied if the amendment would be futile. *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009). The Court, therefore, reviews Plaintiff's proposed Amended Complaint to determine whether it suffers from the same flaws as did his initial Complaint.

11

This Court's previous Decision dismissing Slovin as a defendant was premised on the finding that Plaintiff had failed to allege an injury sufficient to create standing upon which to bring his claims. Doc. #37, PageID #792. The Sixth Circuit has made it clear that to properly allege injury, Plaintiff must present more than allegations of confusion, anxiety, or other intangible harms. *Garland v. Orlans, PC*, 999 F.3d 432, 439 (6th Cir. 2021).

Here, Plaintiff has not managed to allege concrete injuries.[2] He claims that Slovin's actions caused "significant inconvenience, confusion regarding the alleged non-existent debt, and emotional distress" which "manifested as sleep loss due to the time spent researching and drafting a response." Doc. #39, PageID #815. As explained previously, these allegations are insufficient to create Article III standing and permit the Court to hear the merits of Plaintiff's claims. Doc. #37, PageID #791–92; *Garland*, 999 F.3d at 436 ("A plaintiff asserting a procedural claim (like an FDCPA violation) cannot bring a claim unless she has suffered a concrete injury of some kind"). Plaintiff must allege concrete harm <u>traceable to Slovin</u> and cannot depend on allegations that the Sixth Circuit has determined to be facially insufficient. As an

---

[2] Plaintiff proposed Amended Complaint includes allegations such as "Plaintiff McComb suffered concrete, particularized, and actual injury as a direct result of the inconvenient, non-consensual, and unauthorized contact by Defendant Slovin & Associates Co., L.P.A." Doc. #39, PageID #814. Naturally, simply stating that one has suffered an injury in a conclusory fashion cannot grant standing; Plaintiff must allege facts demonstrating what the alleged injury is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

example of a sufficient harm, Plaintiff may review the allegations that he brought against Defendant NCSI.

In his Complaint, Plaintiff alleges that he visited Wright-Patt Credit Union on December 30, 2024, and attempted to apply for a loan or credit card limit increase. Doc. #5, PageID #265. He further alleges that, because NCSI reported inaccurate debt to the major credit agencies, he was not eligible for favorable rates or loan amounts. *Id.* at PageID #264–65. He, therefore, sufficiently alleged concrete harms stemming from the actions of NCSI, sufficient to grant him standing against that Defendant. However, as explained earlier in both this Decision and the prior Decision in which the claims against Slovin were dismissed, Plaintiff has not offered concrete injuries of this sort that are traceable to Slovin.

Plaintiff invokes several out-of-Circuit cases to support his position, but these cases do not address injuries in the context of Article III standing. Doc. #39, PageID #816; *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182 (D. Del. 1991) (Article III standing not at issue); *Johnson v. Columbia Debt Recovery, LLC*, No. C20-573, 2021 WL 2472630 (W.D. Wash. June 17, 2021) (same); *Chiverton v. Fed. Fin. Grp., Inc.*, 399 F. Supp. 2d 96 (D. Conn. 2005) (same); *Barker v. Tomlinson*, No. 8:05-cv-1390-T-27, 2006 WL 1679645 (M.D. Fla. June 7, 2006) (same). In fact, one case he cites directly contradicts his position. *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1242 (11th Cir. 2022) (en banc) ("[Plaintiff] thus has failed to

13

allege a concrete harm, and has no standing to bring his suit"). The lone case that even arguably supports Plaintiff, *Macy*, was abrogated by the Supreme Court and is no longer considered good law. *Macy v. GC Servs. Lim. P'ship*, 897 F.3d 747 (6th Cir. 2018), *abrogated by*, *TransUnion LLC v. Ramirez*, 594 U.S. 413, 434–36 (2021); *Ward v. Nat. Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 361 (6th Cir. 2021).

Without showing concrete injuries, Plaintiff cannot pursue his claims relating to Slovin's alleged procedural violations.[3] *TransUnion*, 594 U.S. at 435–36. Therefore, Plaintiff lacks standing under Article III of the United States Constitution as to Slovin, even under his proposed Amended Complaint. Because his amendment would not remedy the errors that led to the dismissal, the Court finds that permitting the amendment would be futile. For that reason, Plaintiffs Motion for Leave to Amend Complaint as to Slovin Defendants is OVERRULED. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.  Conclusion

For the reason stated herein, Plaintiff's Motion for Reconsideration, Doc. #26, is OVERRULED; Plaintiff's Motion to Compel Initial Disclosures, Doc. #27, is OVERRULED; Plaintiff's Motion to Compel Supplemental Initial Disclosures, Doc.

---

[3] Among other allegations, Plaintiff claims that Slovin should be liable because he received mail from his PO Box at 6:15 a.m., a time that is likely to be inconvenient to the consumer. Of course, even if these claims were actionable, he could not pursue a claim based on his choice of what time to check his mail.

14

#34, is OVERRULED; Plaintiff's Motion for Leave to Amend Complaint to Modify Damages Only, Doc. #35, is SUSTAINED; Plaintiff's Motion for Leave to Amend Pursuant to Rule 15, Doc. #36, is OVERRULED; Plaintiff's Motion for Leave to Amend Complaint as to Slovin Defendants, Doc. #39, is OVERRULED; and Plaintiff's Motion to Strike Defendants' Untimely Opposition, Doc. #42, is OVERRULED.

Date: November 24, 2025

*Walter H. Rice*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE