IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN MCCOMB,                          :

       Plaintiff,

                             Case No. 3:25-cv-53

v.                                     :

JOEL BRAY LACKEY, et al.,                     JUDGE WALTER H. RICE

       Defendants.                     :

---

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR LIMITED IN CAMERA INSPECTION OF CONFIDENTIAL MEDIATION COMMUNICATIONS TO DETERMINE MEDIATOR MISCONDUCT, BIAS, COERCION, LACK OF IMPARTIALITY, AND RELATED RELIEF UNDER OHIO REV. CODE CHAPTER 2710, FEDERAL RULES OF EVIDENCE 408 AND 501, S.D. OHIO CIV. R. 5.2.1, 7.2, AND 16.3, AND THE COURT'S INHERENT AUTHORITY (DOC. #53); OVERRULING PLAINTIFF'S MOTION FOR SANCTIONS UNDER FRCP 16(f) FOR FAILURE TO ATTEND COURT-ORDERED MEDIATION, TO COMPEL ATTENDANCE AND FOR RESCHEDULING; FOR RECUSAL OF MAGISTRATE JUDGE PETER B. SILVAIN, JR. PURSUANT TO 28 U.S.C. §455(A); TO VACATE MEDIATION SESSION REPORT UNDER FRCP 60(b)(3); AND TO REQUEST EXPEDITED MEDIATION TRANSCRIPT (DOC. #54)

---

The case is before the Court on two motions filed by Plaintiff Brian McComb ("Plaintiff"). The first is a "Motion for Limited In Camera Inspection of Confidential mediation Communications to Determine Mediator Misconduct, Bias, Coercion, Lack of Impartiality, and Related Relief under Ohio Rev. Code Chapter 2710, Federal Rules of Evidence 408 and 501, S.D. Ohio Civ. R. 5.2.1, 7.2, and 16.3, and the Court's

Inherent Authority." Doc. #53. In this motion, Plaintiff take issue with a recent Court-facilitated mediation session. As he explains it, during the May 11, 2026, mediation session conducted by United States Magistrate Judge Peter B. Silvain, Judge Silvain did not act as a true neutral arbitrator and, instead, appeared to disfavor his case. As a result, Plaintiff seeks to file his mediation documents under seal for *in camera* review to determine whether misconduct by the Magistrate Judge has in fact occurred.

The second motion is "Motion for Sanctions under FRCP 16(f) for Failure to Attend Court-Ordered Mediation, to Compel Attendance and for Rescheduling; for Recusal of Magistrate Judge Peter B. Silvain, Jr. Pursuant to 28 U.S.C. § 455(A); to Vacate Mediation Session Report Under FRCP 60(b)(3); and to Request Expedited Mediation Transcript." Doc.#54. This motion expands upon the first motion, seeking additional remedies.

At the Court's direction, Defendants National Credit Systems, Inc., Joel Lackey, the Law Office of Brett M. Borland, P.C. and Attorney Brett M. Borland ("Defendants") filed responses to each motion affirming that they did attend mediation on May 11, 2026, and that counsel had tried to explain that fact to Plaintiff in post-mediation communications. Docs. #57, 58.

As a general matter, this Court sees great value in mediation, especially in this seat of Court. Mediation allows the parties to sit down with a neutral mediator—

2

in this case, a United States Magistrate Judge—and permits open and honest evaluations of the case. Often, the mediator will split the parties into separate rooms and discuss their case with them individually. This discussion will often cover a number of items including case strengths, case weaknesses, potential outcomes, and contrary points of view the party may not have considered. To the extent that a party feels the mediator points out potential weaknesses in their case, such a point of view is often the most helpful. Sometimes a party can develop tunnel vision with regard to their case, ignoring potential pitfalls. Proper mediation allows a party to consider their weaknesses and determine whether they desire to continue. However, one of the great benefits of our shared legal system is that no party can be forced to settle against their will and they may be able to press their claims to final merit determinations.

In this seat of Court, it is common for the Magistrate Judges to conduct mediation over videoconference. When this occurs, the parties are digitally split into different "breakout rooms," allowing the mediator to jump from room to room and speak with individual parties about the case and facilitate open and honest settlement discussions. Often this will mean that a party does not have any direct communication to the opposing party, only to the mediator.

Given this Court's knowledge of the mediation process, the experience with Magistrate Judge Silvain as a mediator, as well as Defendants' signed response,

3

the Court believes that Defendants were present at the mediation on May 11, 2026, and that no improper procedures or communications occurred.[1]

At this time, the Court sees no need for Plaintiff to submit his mediation statement for review. Without prejudging any evidence that could be submitted, the Court would be hesitant to believe that Judge Silvain exercised misconduct or showed bias in mediation, based on the diligence with which the Court knows Judge Silvain approaches any mediation. Even assuming the process was tainted, it is unclear what remedy would come about as a result of filing those documents. The May 11, 2026, mediation was unsuccessful, and this Court will not require further mediation in this case, unless the parties agree to it. Should the parties jointly express interest in future mediation, and Magistrate Judge Silvain offered as a potential mediator, Plaintiff should feel free to re-raise his objection, at which time this Court will determine whether he has shown preferential treatment to one party or another.

---

[1] One of Plaintiff's requests is for an "expedited mediation transcript." However, mediation sessions take place off the record to facilitate open and honest discussion of the case. Therefore, there was no court reporter present and the contents of the sessions are not transcribed. This is for good reason. A party would be less willing to admit a weakness of their case in mediation if it feared that the admission could be used against them when adjudicating the merits. This is the same reason that Federal Rule of Evidence 408 recognizes that settlement offers and negotiations are inadmissible.

4

Plaintiff has expressed concern that the "impasse" entry resulting from failed mediation discussions may negatively impact his case. He should be reassured that his concern could not be further from the truth. Cases which do not settle during Court-facilitated mediation are given the "impasse" label to differentiate those cases from others which may benefit for further mediation sessions. The Court does not attach a negative inference to either party from the failure to settle.

At this time the Court OVERRULES Plaintiff's Motion for Limited In Camera Inspection of Confidential Mediation Communications. Doc. #53. Should the parties decide to engage in future mediation efforts and Magistrate Judge Silvain is selected to preside, Plaintiff may refile his motion for re-consideration.

Plaintiff's Motion for Sanctions under FRCP 16(f) for Failure to Attend Court-Ordered Mediation, to Compel Attendance and for Rescheduling; for Recusal of Magistrate Judge Peter B. Silvain, Jr. Pursuant to 28 U.S.C. § 455(A); to Vacate Mediation Session Report Under FRCP 60(b)(3); and to Request Expedited Mediation Transcript, Doc. #54, is OVERRULED.

Date: May 18, 2026

Walter H. Rice

WALTER H. RICE
UNITED STATES DISTRICT JUDGE