IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN MCCOMB,      :

    Plaintiff,

              Case No. 3:25-cv-53

  v.        :  JUDGE WALTER H. RICE

JOEL BRAY LACKEY, et al.,

    Defendants.   :

---

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. #46) AND SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. #52)

---

The case is before the Court on several motions. The first is a Motion for Partial Summary Judgment filed by Plaintiff Brian McComb ("Plaintiff"). Doc. #46. Defendants National Credit Systems, Inc. ("NCSI"), Joel Lackey, the Law office of Brett M. Borland, P.C., and Attorney Brett M. Borland (collectively "Defendants"), filed a response in opposition to the motion, Doc. #49, and Plaintiff filed a reply in support of his motion. Doc. #50.

Defendants have also filed a Motion for Summary Judgment. Doc. #52. Plaintiff filed a response in opposition to the motion, Doc. #55, and Plaintiffs effectively waived their right to respond by failing to file a reply memorandum within the time limit outlined in S.D. Ohio Civ. R. 7.2(a)(2).

For the reasons set forth herein, Plaintiff's Motion for Partial Summary Judgment, Doc. #46, is OVERRULED, and Defendants' Motion for Summary Judgment, Doc. #52, is SUSTAINED IN PART and OVERRULED IN PART.

## I.     Legal Standard

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

2

(1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advoc. Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the factfinder. 10A Wright, Miller & Kane, Federal Practice and Procedure Civil 3d § 2726 (1998). In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal*

3

*Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). If it so chooses, however, a court may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

## II.    Facts

Plaintiff's Complaint revolves around allegations of improper debt collection techniques. In December 2021, Plaintiff entered into an agreement to rent an apartment at the Miamisburg by the Mall Apartment Complex. Though the lease was intended to last twelve months, Plaintiff moved out after three months in March of 2022. When he moved out, the apartment complex determined that he owed a sum of $1,949.59. Plaintiff has disputed that he owed any debt. Instead, he claims that the lease was void because it failed to disclose mandatory information required under Ohio state law.

An attorney representing the apartment complex filed a case against Plaintiff in Miamisburg Municipal Court, but this case was ultimately dismissed without prejudice at the request of the apartment complex. Thereafter NCSI began contacting Plaintiff about his outstanding debt. What followed was a lengthy series of interactions between NCSI and Plaintiff in which NCSI initiated contact multiple times in an effort to collect the debt. Although many of the precise facts are in dispute, the Court will mention various facts in the analysis as they become relevant.

4

## III. Analysis

In his Complaint, Plaintiff alleges 15 causes of action: (1) Violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692c(a) and (b) ("Count One"); (2) Violation of the FDCPA, 15 U.S.C. § 1692b(2) and (5) ("Count Two"); (3) Violation of the FDCPA, 15 U.S.C. §1692d ("Count Three"); (4) Violation of the FDCPA 15 U.S.C. §1692g(a) and (4) ("Count Four"); (5) Violation of the FDCPA, 15 U.S.C. §1692e(2)(A) and (10) ("Count Five"); (6) Violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681s-2(b) ("Count Six"); (7) Violation of the FCRA, 15 U.S.C. §1681i(a)(5)(B)(ii) and (iii) ("Count Seven"); (8) Violation of the FCRA, 15 U.S.C. §1681s-2(a)(3) ("Count Eight"); (9) Violation of Internal Revenue Service IRC §6050P ("Count Nine"); (10) Violation of the Telephone Consumer Protection Act 47 U.S.C. §277 ("Count Ten"); (11) Fraudulent Misrepresentation ("Count Eleven"); (12) Civil Conspiracy ("Count Twelve"); (13) Mail Fraud in violation of 18 U.S.C. §1341 ("Count Thirteen"); (14) Misrepresentation of Information in violation of 15 U.S.C. §1681e(b) ("Count Fourteen"); and (15) Invasion of Privacy ("Count Fifteen"). Doc. #5, PageID #266–309.

Plaintiffs motion seeks summary judgment on the claims relating to the FDCPA and the FCRA: Counts One through Eight. Defendants' motion, on the other hand seeks summary judgment on all claims against them. When faced with competing motions for summary judgment, it is important to remember the

5

standard by which the Court must analyze them. Under each motion, the Court must view the facts in the light most favorable to the opposing party. Therefore, there are three distinct outcomes that could come to pass: the Court may decide that summary judgment is justified in favor of one party or the other, or the Court may determine that the facts are such that they could be reasonably viewed in favor of either party, necessitating a denial of summary judgment to both parties. It is with this understanding that the Court analyzes all fifteen claims.

## A. Scope of the FDCPA and FCRA

All of Plaintiff's claims flow from the allegedly improper actions that NCSI took in pursuing debt collection. One of the primary arguments that Defendants raise in their motion revolves around understanding the proper scope of the statutory frameworks.

The FDCPA bars debt collectors from using false, deceptive, or misleading representations in connection with the collection of any debt. *Wallace v. Washington Mut. Bank, F.A.*, 683 F. 3d 323, 326 (6th Cir. 2012). The FDCPA and the FCRA were passed in response to growing concern of outright fraudulent collection techniques on the part of debt collectors. Those collectors would call not only the debtor, but also friends, family, and coworkers, without taking any steps to verify that the debt actually existed. Congress, therefore, required debt collectors to provide debtors with information regarding the source of the debt, and how to

6

dispute the debt. In addition, the legislation reined in how and when collectors may contact the debtor. Yet, Congress did not bar all debt collection practices. Under the current statutory regime, collectors must undertake reasonable steps to verify that the debt exists, but Congress did not go so far as to make collectors strictly liable if the debt was ultimately determined uncollectable or nonexistent. Rather, collectors must only undertake reasonable efforts to verify the debt once it is called into question by the debtor.

Plaintiff argues that NCSI's debt collector practices were necessarily improper because any debt he had was extinguished upon dismissal of the case that had been brought in The Miamisburg Municipal Court. Doc. #46, PageID #888. This misconstrues the effect of a dismissal without prejudice. In Ohio, like most jurisdictions, a dismissal without prejudice is not a decision on the merits and does not foreclose a plaintiff from refiling their claim. *State ex rel. DeDonno v. Mason*, 945 N.E. 2d 511 (Ohio 2011). The fact that the Miamisburg Municipal Court action was dismissed does not extinguish any debt that Plaintiff may have owed.

### B.   **Plaintiff's Claims**

Many of Plaintiff's claims rest on the notion that NCSI, or an employee under its direction, engaged in fraudulent collection techniques. However, in viewing Plaintiff's Complaint, Doc. #5, and briefing, Docs. #46, 50, 55, it is clear that what Plaintiff alleges is that the debt was invalid and that any effort on the part of NCSI

to collect the debt was illegal. Yet, this misconstrues the law and the conflates the protections that Congress sought to enact to protect consumers.

When a debtor notifies the debt collector that they dispute the debt, the collector must verify the debt before continuing collection efforts. 15 U.S.C. §1692g(b). However, courts within this circuit have held that this requires only that the collector confirm in writing "that the amount being demanded is what the creditor is claiming is owed." *Newman v. Trott & Trott, P.C.*, 889 F. Supp. 2d 948, 964 (E.D. Mich. 2012). The collector is then required to provide the debtor with verification sufficient to permit the "least sophisticated consumer" to sufficiently dispute the payment obligation. *Gionis v. Javitch, Block & Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007); *Rankin by and through antrobus v. Resurgent Capital Servs., L.P.*, 791 F. Supp. 3d 803, 816 (S.D. Ohio 2023) (Barrett, J.). However, the FDCPA is not concerned with mere disputes over the legality of the underlying debt, and collectors are not required, themselves, to determine such validity. *Chambers v. Habitat Co.*, 68 F. App'x 711, 715 (7th Cir. 2003).

In this case, Plaintiff has argued, but has not presented, documented proof that the alleged debt to the apartment complex is improper. Instead, he presents a communication from a credit agency stating that the debt came off his credit report years later, seeking an inference that the debt was non-existent from the beginning. Conversely, NCSI states that it verified the debt with the apartment complex when

8

Plaintiff challenged it. Ultimately, this latter point dooms many of Plaintiff's claims. Plaintiff does not present any evidence disputing NCSI's claim that it verified the debt with the apartment complex and thereby fulfilled its legal obligation.

### 1.    *Claims One Through Five (FDCPA Claims)*

Plaintiff's first five claims are all brought under the FDCPA. In order to establish a claim under the FDCPA: "(1) plaintiff must be a 'consumer' as defined by the Act; (2) the 'debt' must arise[] out of transactions which are 'primarily for personal, family or household purposes;' (3) defendant must be a 'debt collector' as defined by the Act; and (4) defendant must have violated §1692e's [or applicable section's] prohibitions." *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (quoting *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009)).

Plaintiff's first claim is based upon §1692c(a)–(b). These subsections focus on permissible communications made by debt collectors, including time of day (§1692c(a)(1)); direct communication with a debtor who is represented by an attorney (§1692c(a)(2)); communication at the debtor's workplace (§1692c(a)(3)); and communication with third parties (§1692c(b)). Plaintiff has alleged that NCSI contacted him directly, as well as credit reporting agencies and a friend of Plaintiff's named Ariel. Doc. #5, PageID #262. If it occurred, the phone call with Ariel, assuming Plaintiff's debt was discussed, may be sufficient to make out a claim for improper

9

communications with third parties.[1] 15 U.S.C. §1692c(b). Defendants challenge the veracity of the telephone call with Ariel. Doc. #52, PageID #1004. Ultimately, this alleged communication with Ariel presents an issue of fact which may not be decided on summary judgment.[2] Having determined this element of Claim One is a question of fact, summary judgment cannot be granted to either party and this claim will continue to trial.

Plaintiff's second claim is brought under 15 U.S.C. §1692b. However, "[c]ourts have recognized that §1692b defines how a debt collector is permitted to communicate with third parties about a 'consumer's' debt, but does not create an independent private right of action." *Litt v. Portfolio Recovery Assocs. LLC,* 146 F. Supp. 3d 857, 867 (E.D. Mich. 2015). Instead, his claims relating to improper discussion of debt with third parties flows though section 1692c, discussed *supra.* Lacking a private right of action, Claim Two is DISMISSED.

---

[1] Defendants argue that many of Plaintiff's claims are barred by the FDCPA's one-year statute of limitations. 15 U.S.C. § 1692k(d); Doc. #52, PageID #1004. This point does not affect the viability of a claim predicated on communication with Ms. Brown, which is alleged to have occurred on June 19, 2024, less than one year prior to Plaintiff's initial filing in this case on February 21, 2025.

[2] Plaintiff submitted an affidavit from Ariel Brown in connection with the Complaint in which she states under oath that she was called by an employee of NCSI and was informed they were seeking to collect debt from Plaintiff. Doc. #5, PageID #344–45. Although this affidavit would not be admissible at trial, given its status as hearsay not within any exception, Plaintiff may use the affidavit in connection with summary judgment motions pursuant to Fed. R. Civ. P. 56(c).

The third claim is brought pursuant to 15 U.S.C. §1692d, the catchall provision of the FDCPA which sets forth that "A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Plaintiff's Complaint, combined with the allegations contained in briefing memoranda, if believed, demonstrates that NCSI certainly made some efforts to collect debt. However, Plaintiff has not provided evidence or allegations of the sort that would meet the threshold of §1692d. The non-exhaustive list provided in the statute makes clear that Congress intended this section to be applicable to particularly harassing and abusive efforts.[3] In fact, courts have routinely denied claims where more egregious actions occurred. *See, e.g., Litt v. Portfolio Recovery Assocs. LLC,* 146 F. Supp.3d 857 (E.D. Mich. 2015) (dismissing §1692d claim where debt collector made 213 phone calls to parents of debtor). Plaintiff's allegations, even if true, simply do not meet the threshold to bring a claim under §1692d. Therefore, Claim Three is DISMISSED.

Claim Four alleges a violation of 15 U.S.C. §1692g. This section of the FDCPA requires collectors to furnish validation of the debts to the debtor if it is requested

---

[3] Examples of conduct which Congress identified as violating this subsection are: (1) "The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person"; (2) "The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader"; and (3) "The publication of a list of consumers who allegedly refuse to pay debts…" 15 U.S.C. §1692d(1)–(3).

11

in writing. Plaintiff claims that he requested validation and verification multiple times, beginning with a July 14, 2022, phone call. An oral request during a phone call is insufficient to justify a claim under §1692g(b). The statute specifically requires that "the consumer notif[y] the debt collector in writing." 15 U.S.C. §1692g(b) (emphasis added). Accordingly, Plaintiff's Complaint pleads himself out of a valid claim under this subsection. Attached to his Complaint is a notice provided to Plaintiff including all items required by §1692g(a). Doc. #5, PageID #326. Because Defendants complied with their obligations under 15 U.S.C. §1692g, Claim Four is DISMISSED.

The final FDCPA claim is brought under subsection §1692e. Section §1692e of the FDCPA prohibits debt collectors from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. In order to be actionable, the statement must be "materially false or misleading." *Forgues v. Select Portfolio Serving, Inc.*, 690 F. App'x 896, 900 (6th Cir. 2017). In the Complaint, Plaintiff describes the fraudulent representations as "regarding the character, amount, and legal status of the alleged debt." Doc. #5, PageID #278. Other than his assertion that the debt was invalid—an assertion which this Court recognized was not actionable by itself—it is difficult to understand what Plaintiff is alleging. From looking at the various exhibits attached to his Complaint, it appears that each notice consistently states the amount and source of the debt

12

and Plaintiff does nothing to help clarify the basis from which he makes this assertion or to show that any facts are in dispute. Finding no genuine issue of material fact regarding false, deceptive, or misleading representations, Claim Five is DISMISSED.

### 2. *Claims Six Through Eight and Fourteen (FCRA Claims)*

Plaintiff's first FCRA claim, and sixth overall claim, 15 U.S.C. §1681s-2(b), requires that furnishers of consumer information undertake a reasonable investigation when given notice of a dispute as to the completeness or accuracy of information reported to a consumer reporting agency. *See Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 614–17 (6th Cir. 2012). Defendants argue that they undertook a reasonable investigation and reviewed the debt with the apartment complex, as evidenced by an attachment Plaintiff submitted. Doc. #46-7, PageID #906–07. In response, Plaintiff has offered nothing more than the fact that the debt was ultimately removed from his credit report earlier this year. Plaintiff has not identified any items or documents NCSI should have, but failed, to review. In his deposition, Plaintiff stated that he did not know whether NCSI investigated. Doc. #52-1, PageID #1022. Given the evidence in Plaintiff's own filings of the investigation, and lacking any basis to doubt that evidence, the Court finds that there is no material dispute over whether NCSI conducted the investigation

required by the FCRA. Therefore, NCSI has met its legal obligation under this section of FCRA. Claim Six is DISMISSED.

Plaintiff's seventh claim alleges improper reinsertion of inaccurate credit information in violation of 15 U.S.C §1681i(a)(5)(B)(ii)–(iii). It is difficult to understand exactly what Plaintiff is attempting to allege in this claim, but it appears that he filed an IRS Form 1099-C and was able to get the debt cleared from his TransUnion credit report.[4] Assuming this is the case, Plaintiff would still need to show that Defendants reinserted the debt with knowledge that it is inaccurate. Plaintiff has not introduced any evidence that this is so. In fact, all of the attachments presented thus far show that NCSI engaged with the apartment complex and verified that the debt was correct. Therefore, Claim Seven is DISMISSED.

Plaintiff's eighth claim is brought under 15 U.S.C. §1681s-2(a)(3). However, courts have commonly held that this subsection does not create a private right of action. *Daniel v. Asset Acceptance L.L.C.*, No. 06-15600, 2007 WL 3124640, *3 (E.D.

---

[4] Based on the attachment, it appears Plaintiff filed the IRS Form 1099-C. Doc. #5, PageID #321. According to the IRS website, "Form 1099-C is to be used only for cancellations of debts for which the debtor actually incurred the underlying debt." IRS, *Specific Instructions for Form 1099-C*, https://www.irs.gov/instructions/i1099ac (last accessed June 25, 2026) (emphasis added). It's unclear whether this constitutes an admission that Plaintiff actually owed the debt or whether the Form was incorrectly filed.

14

Mich. Oct. 23, 2007) (collecting cases); *Krieg v. Allstate Fin. Servs.*, 250 F. App'x 830 (9th Cir. 2007). Therefore, Claim Eight is DISMISSED.

Claim Fourteen is brought under 15 U.S.C. §1681e(b) and is described as "Negligent or Intentional Misrepresentation of Information." Doc. #5, PageID #304. Within this circuit, a plaintiff is required to show four elements to succeed on a claim under this section: "(1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury." *Nelski v. TransUnion, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004). To determine whether a defendant followed reasonable procedures, the Court looks to what a reasonably prudent person would do under the circumstances. *Id.*

Here, Plaintiff fails to identify exactly what reasonable procedure NCSI failed to adhere to. After he submitted formal disputes, NCSI verified the existence of the debt with the apartment complex. Had they not undertaken this step, and simply ignored Plaintiff's challenges, they may have failed to comply with reasonable procedures. But that is not this case. Instead, this case parallels *Nelski*, in which the Sixth Circuit ruled against a plaintiff who failed to point to reasonable procedures defendant should have taken when confronted with a dispute over debt validity. *Id.*

15

at 847. Like in *Nelski*, Plaintiff has failed to point to a genuine dispute of material fact precluding dismissal of this claim. As a result, Claim Fourteen is DISMISSED.

### 3. *Remaining Claims*

Plaintiff brings Claim Nine as a "Violation of Internal Revenue Service IRC §6050P." Part of the federal tax code, IRC §6050P outines when and how individuals are required to report debt discharges to the Internal Revenue Service. 26 U.S.C. §6050P. However, the federal tax code, including §6050P, is intended to be administered by the Internal Revenue Service and does not create a private right of action. *See Sigmon v. Southwest Airlines Co.*, 110 F.3d 1200 (5th Cir. 1997); *Lorens v. Catholic Health Care Partners*, 356 F. Supp. 2d 827 (N.D. Ohio 2005); *Cook v. Kellogg Community Credit Union*, No. 1:23-cv-567, 2023 WL 5021826 (W.D. Mich. June 20, 2023) (collecting cases). Resultingly, Plaintiff cannot bring a claim under this section and Claim Nine is DISMISSED.

Claim Ten is brought under the Telephone Consumer Protection Act, 47 U.S.C. §227. Specifically, Plaintiff references 47 U.S.C. §227(e), which prohibits misleading or inaccurate caller identification information. While certain subsections of §227 contain explicit private rights of action, *see* 47 U.S.C. §227(b)(3) &(c)(5), subsection 227(e) does not provide a private right of action. *Hall v. Stankey*, No. 5:21-cv-111, 2021 WL 5999578 (W.D. Ky Dec. 20, 2021). Notwithstanding the lack of a private cause of action, Plaintiff also fails to outline exactly what he is alleging.

16

Merely alleging that NCSI had intent to defraud is conclusory, lacks any sort of details explaining what portion of the statute pertains to his claim, and, importantly, does not permit Defendant to present a defense.[5] Lacking a private right of action, and failing to set forth claims which may be presented though a right of action if one exists, Claim Ten is DISMISSED.

Claim Eleven is a common law claim of Fraudulent Misrepresentation. When a plaintiff alleges fraud, he must meet a heightened pleading standard, setting forth "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Ultimately, Plaintiff fails to validly allege fraud here. Although he purports to identify specific incidents of fraud, he fails to show the requisite particularity. Doc. #5, PageID #295–96. Instead, he often jumps straight to the conclusion that that fraud occurred, without demonstrating which facts justify such a determination. Where Plaintiff has provided sufficient details, he fails to support those allegations with even an iota of evidence in the face of arguments to the contrary.

For example, he alleges that:

Defendants made false representations about the existence and nature of the alleged debt, both in written communications and during phone calls. These fraudulent claims included misstatements about the reporting of debts to credit bureaus, the existence of an outstanding debt, and the business activities of the debt collectors.

---

[5] See discussion of heighted pleading requirements when alleging fraud in following paragraph.

17

Doc. #5, PageID #296. What false representations were made? What were the misstatements that give rise to the claim? Defendants have argued that the existence of the debt was verified and, even assuming it was not accurate, that the fault of the error lays with the apartment complex, not the collector who undertook its requisite duty. In the face of this contrary account, Plaintiff must present some sort of evidence to back up his claim and show that there is a genuine issue of fact and not just mere grievance. *Celotex*, 477 U.S. at 324. Plaintiff has failed both to allege that Defendants engaged in fraudulent misrepresentation and to show that there exists a genuine issue of material dispute. Therefore, Claim Eleven is DISMISSED.

Claim Twelve is brought alleging a civil conspiracy to violate Plaintiff's legal rights. In Ohio, to bring a claim of civil conspiracy, a plaintiff must establish four elements: (1) a malicious combination; (2) of two or more persons; (3) with intent to injure person or property; and (4) that there existed an unlawful act in furtherance of the conspiracy. *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 629 N.E. 2d 28, 33 (Ohio App. Ct. 1993). Here, Plaintiff has failed to adequately allege at least three of the four elements. He has not provided details identifying a malicious state of mind from Defendants, an intent to injure him, nor what the unlawful act in furtherance would be. Arguably, he may have at least alleged that the conspiracy contained two or more persons, although Defendant raises an argument against

18

this element that the Court need not address. *See* Doc. #52, PageID #1011–13. Because Plaintiff has failed to adequately allege several of the elements of civil conspiracy, Claim Twelve is DISMISSED.

Claim Thirteen is brought under the federal mail fraud statute, 18 U.S.C. §1341. However, Sixth Circuit precedent is clear: "Congress did not intend to create a private cause of action for plaintiffs under the Mail Fraud Statute." *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1179 (6th Cir. 1979). Therefore, Claim Thirteen is DISMISSED.

Plaintiff's fifteenth and final claim is brought as an invasion of privacy claim. Invasion of privacy is not, itself, a tort recognizable under Ohio law, but rather a collection of three similar torts: "(1) the unwarranted appropriation or exploitation of one's personality, [(2)] the publicizing of one's private affairs with which the public has no legitimate concern, [and (3)] the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Housh v. Peth*, 133 N.E. 2d 340 (Ohio 1956). In pursuing this claim, Plaintiff alleges that Defendants intruded upon his seclusion in a manner highly offensive to a reasonable person, that they disclosed information to unauthorized third parties causing undue embarrassment, and that they placed Plaintiff in a false light by reporting inaccurate information. Doc. #5, PageID #308–09.

19

This bare recitation of the elements is not sufficient to state a claim for relief. He has not shown how standard debt collection techniques improperly intrude upon his seclusion. Certainly, any person who receives a communication from a debt collector would rather be left alone. But this unpleasantness is not the requisite standard to state a claim for relief. Plaintiff has not shown or presented allegations that Defendants conducted themselves in an unreasonable manner. Therefore, Claim Fifteen is DISMISSED.

## IV.   Conclusion

In conclusion, Plaintiff's Motion for Partial Summary Judgment, Doc. #46, is OVERRULED. Defendants' Motion for Summary Judgment, Doc. #52, is SUSTAINED IN PART and OVERRULED IN PART. Claims Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, and FIFTEEN are DISMISSED. Claim One will proceed to trial on the merits.

Date: June 25, 2026

Walter H. Rice

WALTER H. RICE
UNITED STATES DISTRICT JUDGE