THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRIAN MCCOMB,

    Plaintiff,

    v.

JOEL BRAY LACKEY, *et al.*,

    Defendants.

    :

    :

    :

    :

    :

Case No. 3:25-cv-53

Judge Walter H. Rice
Magistrate Judge Caroline H. Gentry

---

ORDER OVERRULING PLAINTIFF BRIAN MCCOMB'S MOTION TO STRIKE
MEDIATION RESULT, OBJECTION TO REPORT OF MEDIATION, AND FOR RELIEF
UNDER FEDERAL RULE OF CIVIL PROCEDURE 16(f) (DOC. #60), AND
OVERRULING PLAINTIFF'S MOTION TO PRESERVE, DISCLOSE, AND PRODUCE
NON-PRIVILEGED MEDIATION ATTENDANCE RECORDS, VIDEO CONFERENCE
METADATA, AND RELATED ELECTRONICALLY STORED INFORMATION (DOC.
#61)

---

Before the Court are *Pro Se* Plaintiff Brian McComb's Motion to Strike

Mediation Result, Objection to Report of Mediation, and for Relief Under Federal

Rule of Civil Procedure 16(f) (Motion to Strike, Doc. #60), and Plaintiff's Motion to

Preserve, Disclose, and Produce Non-Privileged Mediation Attendance Records,

Video Conference Metadata, and Related Electronically Stored Information

("ESI"). (Motion to Preserve, Doc. #61).

In the Motion to Strike, Plaintiff argues that Magistrate Judge Peter B.

Silvain, Jr. failed in his duty to ensure that Defendants National Credit Systems,

Inc., Joel Bray, Lackey, the Law Office of Brett M. Borland, P.C. and Attorney Brett M. Borland actually attended the mediation. (Doc. #60, PAGEID 1085-86).  The Court already considered and rejected this claim in a previous Order (Doc. #59, PAGEID 1080-83), and, in the Motion to Strike, Plaintiff offers no argument, much less evidence, that would cause the undersigned to reconsider said rejection. Similarly, Plaintiff's request for metadata and attendance logs to prove that Defendants were present at the mediation (Doc. #60, PAGEID 1088) is not well-taken, as the Court has already been satisfied through Defendants' representations that Defendants actually attended and tried to make Plaintiff aware of that fact. (Doc. #59, PAGEID 1080, citing Memos. *Contra*, Docs. #57-58). As Plaintiff advances no other significant argument in the Motion to Strike (Doc. #60),the Motion is OVERRULED.

Similarly, the Motion to Preserve "concerns whether Defendants and defense counsel actually complied with the Court's mandatory mediation attendance order[.]" (Doc. #61, PAGEID 1091).  Again, the Court is satisfied that Defendants and their counsel actually attended the mediation, and nothing in the Motion persuades the undersigned to reconsider his previous determination. Accordingly, the Motion to Preserve (Doc. #61) is also OVERRULED.

IT IS SO ORDERED.

July 14, 2026

*Walter H. Rice*

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

2